IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**VERA KULAKEVICH,**　　　　　　　　　　　　　　　Case No. 3:13-CV-01681-SU

　　　　　　Plaintiff,

　　　　v.　　　　　　　　　　　　　　　　　　　　**FINDINGS AND**
　　　　　　　　　　　　　　　　　　　　　　　　　**RECOMMENDATION**
**CAROLYN W. COLVIN,**
Commissioner of Social Security,

　　　　　　Defendant.

SULLIVAN, Magistrate Judge:

　　　　Vera Kulakevich ("plaintiff") brings this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"). The Commissioner denied plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. For the reasons set forth below, the Commissioner's decision should be affirmed.

## PROCEDURAL BACKGROUND

　　　　On March 1, 2006, plaintiff protectively filed an application for SSI under Title XVI of the Act, alleging disability as of November 3, 2004. Tr. 23, 573. After her claims were denied initially and upon reconsideration, plaintiff appeared at a hearing before an administrative law judge ("ALJ"); after the hearing, the ALJ issued a decision finding plaintiff not disabled. Tr. 20-33. Plaintiff appealed the decision to the district court, and the court remanded the decision for further proceedings. Tr. 587-90. After a remand hearing held on May 23, 2013, the ALJ again found plaintiff not disabled in a decision dated June 20, 2013. Tr. 570-85, 658-73. This appeal followed.

## FACTUAL BACKGROUND

Born in December, 1959, plaintiff was 46 years old on her filing date of March 1, 2006. Tr. 22, 32, 584. She alleges disability as of November 3, 2004, due to varicose veins, degenerative disc disease, depression, somatoform disorder, obesity, gastric pain, and rotator cuff impingement. Tr. 25, 151. Plaintiff speaks Russian and has limited English skills. Tr. 150. She has past work experience as a custodian. Tr. 31, 152.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation").

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Page 2 – FINDINGS AND RECOMMENDATION

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. § 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. § 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. § 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. § 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 141. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. § 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.966.

## THE ALJ'S FINDINGS

At step one of the sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity since her disability application date of March 1, 2006. Tr. 575. At step two, the ALJ determined that plaintiff had the following severe

impairments: cervical degenerative disc disease, obesity, affective disorder, right shoulder degenerative joint disease, rotator cuff impingement, and somatoform disorder. Tr. 575-77.

At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that meets or medically equals a listed impairment. Tr. 578. Next, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations: she has no English speaking skills; she can lift and carry 20 pounds occasionally and 10 pounds frequently; she can stand for 4 out of 8 hours in a workday; she can walk 4 out of 8 hours, and sit 6 out of 8 hours; she can occasionally perform fine manipulation; she cannot reach overhead; she should not have interaction with the public; she needs to take a 15 minute break every two hours and a 30 minute break after 4 hours; and she needs to sit or stand at will. Tr. 579.

At step four, the ALJ found that plaintiff could not perform her past relevant work as a custodian. Tr. 584. At step five, the ALJ determined that plaintiff retained the ability to perform jobs such as small products assembler, room cleaner, and laundry worker. Tr. 585. The ALJ therefore concluded that plaintiff was not disabled. *Id.*

## DISCUSSION

Plaintiff alleges that the Commissioner erred by: (1) failing to find at step two that her depression is a severe impairment, (2) improperly evaluating the medical opinion of Dr. Bates-Smith, and (3) finding at step five that plaintiff could perform jobs of laundry worker, small products assembler, and room cleaner. For the reasons discussed below, the ALJ's decision should be affirmed.

I.   Step Two Findings

Plaintiff first argues that the ALJ failed to find at step two that her depression is a severe impairment. At step two, the ALJ determines whether the claimant has a medically severe

Page 4 – FINDINGS AND RECOMMENDATION

impairment or combination of impairments; step two findings must be based upon medical evidence. 20 C.F.R. § 416.920(a). An impairment is "not severe" if it "does not significantly limit [the claimant's] ability to do basic work activities." *Id.* "Omissions at step two are harmless if the ALJ's subsequent evaluation considered the effect of the impairment omitted at step two." *Harrison v. Astrue*, 2011 WL 2619504, *7 (D. Or. July 1, 2011) (citing *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir.2007)).

The ALJ resolved step two in plaintiff's favor. Tr. 575-77. While the ALJ did not find plaintiff's depression to be severe, he discussed her depression in his evaluation of the medical evidence, and limited her to light work with no public interaction. Tr. 579, 582. It is a "settled rule" in the Ninth Circuit that the ALJ's decision will not be reversed for errors that are inconsequential to the ultimate nondisability determination. *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012). Here, plaintiff has not identified any additional limitations related to depression that would impact her RFC as formulated by the ALJ. Therefore, plaintiff has not identified reversible error in the ALJ's step two findings. *See Molina*, 674 F.3d at 1117; *see also Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (the Court may not reverse a decision based on error unless that error is shown to be harmful).

II.     Medical Evidence

Plaintiff first argues that the ALJ improperly evaluated the medical opinion of Karen Bates-Smith, Ph.D. There are three types of medical opinions in social security cases: those from treating, examining, and non-examining doctors. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). To reject the uncontroverted opinion of a treating or examining doctor, the ALJ must present clear and convincing reasons for doing so. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing *Lester*, 81 F.3d at 830-31). However, if a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected by specific and legitimate

Page 5 – FINDINGS AND RECOMMENDATION

reasons. *Id.* In either instance, the ALJ is not required to accept an opinion that is brief, conclusory, or not supported by clinical findings. *Id.* (citation omitted).

Dr. Bates-Smith performed a psychodiagnostic examination of plaintiff in May, 2006. Tr. 302-07. Plaintiff reported to Dr. Bates-Smith that she suffered from leg pain due to varicose veins; abdominal pain; and depression. *Id.* Based on her examination of plaintiff, Dr. Bates-Smith diagnosed major depressive disorder and somatoform disorder. Tr. 306. She opined that plaintiff was moderately impaired in the area of persistence, and expressed doubt as to whether plaintiff could complete a normal workday on a full-time basis without significant interference from pain and depression. Tr. 306-07.

The ALJ evaluated the medical evidence and accorded little weight to Dr. Bates-Smith's opinion that plaintiff could not complete a normal workday. Tr. 307, 583. First, the ALJ noted that Dr. Bates-Smith's opinion was inconsistent with her own findings. Tr. 583. An ALJ may also discount a medical source's opinion that is inconsistent with the source's other findings. *Bayliss*, 427 F.3d at 1216. Here, the ALJ noted that Dr. Bates-Smith did not find that plaintiff had any difficulty in concentration or memory during the mental status evaluation. Tr. 582. During the mental status portion of the exam, Dr. Bates-Smith found no mental impairments or resultant limitation impacting plaintiff's ability to concentrate, maintain persistence and pace, complete activities of daily living, and function socially. Tr. 306-07, 583. The lack of any findings indicating limitations on these functional areas arguably contradicts Dr. Bates-Smith's conclusion that plaintiff could not complete a normal workday. The ALJ thus provided a clear and convincing reason for rejecting Dr. Bates-Smith's opinion. *Bayliss*, 427 F.3d at 1216.

Second, the ALJ found that much of Dr. Bates-Smith's opinion was based upon plaintiff's subjective symptoms reporting, which the ALJ found to be not credible.[1] The ALJ may reject medical source opinions based upon reports of a claimant found not credible. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Here, Dr. Bates-Smith's examination findings appear to be based almost entirely upon plaintiff's subjective reports regarding her symptoms and limitations. *See* Tr. 302-07. The ALJ thus provided a second clear and convincing reason for rejecting Dr. Bates-Smith's opinion. *Tonapetyan*, 242 F.3d at 1149. The ALJ did not err in his evaluation of Dr. Bates-Smith's opinion.

III.   Step Five Findings

Plaintiff argues, finally, that the ALJ erred at step five because he concluded that she could perform jobs inconsistent with the manipulative limitations assessed by Tatsuro Ogisu, M.D. Examining physician Dr. Ogisu conducted a physical exam on May 16, 2006, and found that plaintiff was "able to perform light gross and fine manipulation on an occasional nonrepetitive basis, but she is unable to reach overhead." Tr. 301. The ALJ credited Dr. Ogisu's opinion, limiting plaintiff's RFC to exclude overhead reaching and to only occasional fine manipulation. Tr. 579. At the hearing, the ALJ posed a hypothetical to the VE that included these limitations. Tr. 669. In his written decision, the ALJ concluded that plaintiff could perform jobs of small products assembler, room cleaner, and laundry worker. Tr. 585. Plaintiff argues that these occupations all require more than occasional manipulative activities and frequent reaching.

VE testimony may become unreliable if it conflicts with the DOT. *Gallo v. Comm'r*, 449 Fed.Appx. 648, 650 (9th Cir. 2011); (citing *Massachi*, 486 F.3d at 1152–53). The ALJ is otherwise entitled to rely upon the VE testimony. *See Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th

---

[1] Plaintiff does not contest the ALJ's credibility finding.

Page 7 – FINDINGS AND RECOMMENDATION

Cir. 1999). Here, the VE testified that the DOT requirements for the representative occupations listed were compatible with plaintiff's RFC. Tr. 671. On this record, the Court should affirm the ALJ's acceptance of the VE testimony, and his conclusion at step five that plaintiff could perform work that exists in significant numbers in the national economy. *Tackett*, 180 F.3d at 1101.

## RECOMMENDATION

For the foregoing reasons, the Commissioner's decision should be AFFIRMED and this case DISMISSED.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due October 20, 2014. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

DATED this 3rd day of October, 2014.

              ___s/ Patricia Sullivan_____
              Patricia Sullivan
              United States Magistrate Judge