IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**VERA KULAKEVICH**,

        Plaintiff,

  v.

**CAROLYN W. COLVIN,**
Commissioner of Social Security,

        Defendant.

No. 3:13-cv-01681-SU

OPINION AND ORDER

**MOSMAN, J.**,

    In a decision dated June 20, 2013, an administrative law judge ("ALJ") made a finding that Mrs. Kulakevich was not disabled and therefore not entitled to social security benefits. (Tr. 570–85.) On September 23, 2013, Mrs. Kulakevich sought judicial review of the final decision denying her social security claim. (Pl.'s Compl. [1].) Mrs. Kulakevich claimed that the ALJ erred by: (1) failing to find her depression to be a severe impairment; (2) failing to properly evaluate and weigh the medical opinion of Dr. Karen Bates-Smith; and (3) failing to properly account for the medical opinion of Dr. Tatsuro Ogisu in determining if any jobs exist in the national economy that Mrs. Kulakevich could perform. (Pl.'s Opening Brief [15] at 2.) Pursuant to 42 U.S.C. § 405(g), Magistrate Judge Sullivan had jurisdiction to review the ALJ's final determination.

1 – OPINION AND ORDER

Upon review, on October 3, 2014, Magistrate Judge Sullivan issued her Findings and Recommendation ("F&R") [21] recommending that judgment be entered affirming the Commissioner's decision to deny Mrs. Kulakevich's social security claim, and that therefore Mrs. Kulakevich's case be dismissed. I agree with the legal conclusions expressed in Judge Sullivan's F&R, and therefore adopt it as my own opinion. I have reviewed the objections to the F&R that Mrs. Kulakevich has raised, and find them to be without merit. I find that that the Commissioner's final determination to deny benefits should be affirmed, and therefore, that Mrs. Kulakevich's claim should be dismissed.

## LEGAL STANDARD

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

For an appeal of the Commissioner's final decision regarding an individual's claim for social security benefits, the reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g) (2006); *Batson v. Comm'r of the Soc. Sec. Admin.*,

2 – OPINION AND ORDER

359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The reviewing court may not substitute its judgment for that of the Commissioner. *Robbins*, 466 F.3d at 882; *Ellund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Thus, where the evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld, even where the evidence can support either affirming or reversing the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## BACKGROUND

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Social Security Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); *see also* 20 C.F.R. § 416.920. Each step is potentially dispositive. In Step One, the claimant is not considered disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *See Yuckert*, 482 U.S. at 140; *see also* 20 C.F.R. § 416.920(b). The ALJ found that Mrs. Kulakevich has not been engaged in a substantial gainful activity since March 1, 2006. (Tr. 575.) This is not in dispute.

In Step Two, the claimant is not considered disabled if the Commissioner determines the claimant has no "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; *see also* 20 C.F.R. § 416.920(c). The ALJ found that Mrs. Kulakevich had the following severe impairments: cervical degenerative disc disease, obesity, affective disorder, right shoulder degenerative joint disease, rotator cuff impingement, and somatoform disorder.

3 – OPINION AND ORDER

(Tr. 575–77.) Mrs. Kulakevich argues that the ALJ erred by not including her condition of depression as a severe impairment. (Pl.'s Opening Brief [15] at 12–14.)

In Step Three, the claimant is considered disabled if the Commissioner determines the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; *see also* 20 C.F.R. § 416.920(d).  The criteria for the listed impairments, known as "Listings," are enumerated in 20 C.F.R. pt. 404, subpt. P, app. 1 (Listing of Impairments). The ALJ found that Mrs. Kulakevich's impairments did not meet or were not medically equivalent to any of the impairments on the Listings. (Tr. 578.) This does not appear to be in dispute.

If the Commissioner proceeds beyond Step Three, the ALJ must assess the claimant's residual functioning capacity ("RFC").  The claimant's RFC is an assessment of the sustained, work-related activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 416.945(a); *see also* SSAR 96-8, 61 Fed.Reg. 128 (July 2, 1996).  The ALJ determined that Mrs. Kulakevich had the RFC to perform light work with the following limitations: she has no English speaking skills; she can lift and carry 20 pounds occasionally and 10 pounds frequently; she can stand for 4 out of 8 hours in a workday; she can walk 4 out of 8 hours, and sit 6 out of 8 hours; she can occasionally perform fine manipulation; she cannot reach overhead; she should not have interaction with the public; she needs to take a 15 minute break every two hours and a 30 minute break after 4 hours; and she needs to sit or stand at will. (Tr. 579.) Mrs. Kulakevich appears to object to the ALJ's determination of her RFC to the extent that she believes the ALJ failed to properly account for the medical opinions of Dr. Karen Bates-Smith and Dr. Tatsuro Ogisu. (Pl.'s Opening Brief [15] at 6, 10.)

In Step Four, the claimant is not considered disabled if the Commissioner determines the claimant's RFC enables him to perform work he has done in the past. *Yuckert*, 482 U.S. at 141–42; *see also* 20 C.F.R. § 416.920(e). The ALJ found that Mrs. Kulakevich was not capable of performing past relevant work. This is not disputed.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. *Yuckert*, 482 U.S. at 141–42; *see also* 20 C.F.R. § 416.920(e), (f). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Yuckert*, 482 U.S. at 146 n.5; s*ee also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a vocational expert ("VE") or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is not considered disabled. 20 C.F.R. § 416.920(f). After consideration of the entire record, which included the testimony of a VE, the ALJ found that Mrs. Kulakevich had the capacity to work as a small products assembler, room cleaner, and laundry worker. (Tr. 585.) Mrs. Kulakevich argues that if the ALJ had properly accounted for her functional limitations expressed in Dr. Tatsuro Ogisu's medical opinion, the ALJ would not have been able to conclude that Mrs. Kulakevich could have performed these jobs. (Pl.'s Opening Brief [15] at 6).

## ANALYSIS

**I.    Failure to Find Depression to be a Severe Impairment**

Mrs. Kulakevich first objects to the ALJ's failure to treat her depression as a severe impairment at step two of the above analysis, and for failure to consider the impact of the resulting mental and social limitations on her RFC. (Pl.'s Opening Brief [15] at 14.) I agree entirely with Judge Sullivan's analysis rejecting this objection and adopt it as my own.

I agree that Mrs. Kulakevich has failed to raise a reversible error in the first part of her objection. Step two of the above social security analysis was resolved in favor of Mrs. Kulakevich. Even if I were to determine that the ALJ's failure to treat the depression as a severe impairment was an error, it would be a harmless error at this step, as it was resolved in Mrs. Kulakevich's favor. *See Molina v. Astrue*, 674 F.3d. 1104, 1117 (9th Cir. 2012) (an ALJ's decision will not be reversed for errors that are inconsequential to the ultimate nondisability determination).

I also agree that Mrs. Kulakevich has failed to raise a reversible error in the second part of her objections. The ALJ clearly stated that "out of an abundance of caution, [he found] [Mrs. Kulakevich's] depression severe and include[d] social limitations in the . . . residual functional capacity." (Tr. 582.) Mrs. Kulakevich has failed to identify any additional limitations related to the depression that the ALJ failed to include in his RFC determination. She therefore has not identified any reversible error from the claimed mistake by the ALJ.

## II.    Failure to Properly Weigh Dr. Karen Bates-Smith's Medical Opinion

Mrs. Kulakevich next objects that the ALJ improperly evaluated the medical opinion of Dr. Karen Bates-Smith. To reject the opinion of a treating or examining doctor, the ALJ must present clear and convincing reasons for doing so. *Bayliss v.* Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). The ALJ gave little weight to Dr. Bates-Smith's opinion, essentially rejecting it. (Tr. 583.) He did so for two reasons: (1) Dr. Bates-Smith's opinion lacked marked restrictions in activities of daily living, social functioning, or concentration, pace, or persistence; and (2) Dr. Bates-Smith's opinion seemed to be based solely on Mrs. Kulakevich's subjective complaints. (*Id.*)

Although Judge Sullivan analyzed both of these reasons for discounting Dr. Bates-Smith's opinion, I find it only necessary to analyze the second, as it alone constitutes clear and convincing evidence for discounting Dr. Bates-Smith's opinion. After reviewing Dr. Bates-Smith's opinion, it is clear to me that it was based almost exclusively on Mrs. Kulakevich's subjective self-reporting. (Tr. 302–07.) The ALJ had previously found Mrs. Kulakevich to lack credibility based on various inconsistent statements she had made on the record. (Tr. 584.) Mrs. Kulakevich has not contested this credibility finding. Because Dr. Bates-Smith's opinion was based almost entirely on Mrs. Kulakevich's subjective statements, and because those statements were found to lack credibility, I find that the ALJ did in fact have clear and convincing evidence to support his decision to discount and effectively reject Dr. Bates-Smith's medical opinion.

### III. Failure to Account for the Physical Limitations Expressed by Dr. Tatsuro Ogisu

Mrs. Kulakevich's final objection to the ALJ's decision is that the ALJ erred at step five because he concluded that Mrs. Kulakevich could perform jobs inconsistent with the manipulative limitations found by Dr. Tatsuro Ogisu. (Pl.'s Objections [25] at 2.) Dr. Ogisu opined that Mrs. Kulakevich is "able to perform light gross and fine manipulation on an occasional nonrepetitive basis, but she is unable to reach overhead." (Tr. 301.) Mrs. Kulakevich argues that the ALJ failed to include these limitations in his RFC, and therefore erred at step five in determining that Mrs. Kulakevich was capable of working as a small products assembler, room cleaner, and laundry worker. (Tr. 585.). (Pl.'s Opening Brief [15] at 9.)

I have reviewed the record, and adopt Judge Sullivan's reasoning as my own. The ALJ clearly included Dr. Ogisu's physical limitations in his RCF. The ALJ's RFC determination states as limitations, "[Mrs. Kulakevich] can occasionally perform fine manipulation; she cannot

7 – OPINION AND ORDER

reach overhead; . . ." (Tr. 579.) In his hypothetical posed to the VE in this case, the ALJ stated, "This hypothetical person . . . is limited to occasional gross and fine manipulation, no overhead reach . . . ." (Tr. 669.) Having taken into account all of the limitations described by Dr. Ogisu that Mrs, Kulakevich claims were omitted, the VE testified that he believed that the hypothetical person posed to him would be able to work as a small products assembler, room cleaner, and laundry worker. (Tr. 670–71.) The VE testified that the DOT requirements for each of these occupations were compatible with Mrs. Kulakevich's RFC. (*Id.*) The ALJ relied on this testimony in concluding that Mrs. Kulakevich was able to work in the foregoing professions despite her current physical and mental limitations. (Tr. 585.) On this record, Mrs. Kulakevich has failed to raise any meritorious objection suggesting that the ALJ's decision at step five should be reversed.

## CONCLUSION

Upon review, I agree with Judge Sullivan's findings and recommendation, and I ADOPT the F&R [21] as my own opinion. Mrs. Kulakevich's claim is DENIED and her case is DISMISSED.

IT IS SO ORDERED.

DATED this ___18th___ day of November, 2014.

/s/ Michael W. Mosman  
MICHAEL W. MOSMAN  
United States District Judge